IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>            Plaintiff,<br><br>     v.<br><br>AC GENERAL ENGINEERING, INC.; CHRISTOPHER BARRINGER; ATILANO ALCALA; AC General Engineering, Inc. 401(k) Profit Sharing Plan,<br><br>            Defendants.<br>_____ | 2:11-cv-00307-GEB-DAD<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) ORDER</u> |

        The February 2, 2011, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on May 23, 2011, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The February 2, 2011 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on May 27, 2011, why sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether

Plaintiff or her counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on July 18, 2011, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated: May 18, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).