UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>        Plaintiff,<br><br>              v.<br><br>AC GENERAL ENGINEERING, INC.; CHRISTOPHER BARRINGER; ATILANO ALCALA; AC General Engineering, Inc. 401(k) Profit Sharing Plan,<br><br>        Defendants. | Case No.: 2:11-CV-00307-GEB-DAD<br><br>**CONSENT JUDGMENT & ORDER** |

Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary") under the authority granted to her by §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against AC GENERAL ENGINEERING, INC. ("ACGE"), CHRISTOPHER BARRINGER ("Barringer"), individually, ATILANO ALCALA ("Alcala"), individually, and the AC GENERAL ENGINEERING, INC. 401(K) PROFIT SHARING PLAN (the "Plan"), an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).[1]

    A.    The Secretary, ACGE, Barringer, Alcala, and the Plan (collectively, the "parties") admit that the Court has jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the Eastern District of California under ERISA § 502(e)(2), 29

---

[1] The Plan is named in the Secretary's Complaint as a party necessary for complete relief under Fed. R. Civ. P. 19(a).

U.S.C. § 1132(e)(2).

B. Defendants ACGE, Barringer, Alcala and the Plan (collectively "Defendants") waive filing of an Answer and further waive entering any affirmative defense, counterclaim, or third-party complaint, or any other defenses that they may have in this case.

C. The parties agree to the entry of this Consent Judgment & Order. The parties further agree that this Consent Judgment & Order shall fully settle all claims of the Secretary asserted in the Complaint filed in this matter.

D. All parties expressly waive Findings of Fact and Conclusions of Law.

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Defendants ACGE, Barringer and Alcala are jointly and severally liable for $46,868.81 in losses plus lost-opportunity costs caused to the Plan ("Loss Amount"), and judgment is hereby entered against them in that amount. Lost-opportunity costs are calculated applying the rate set forth in 26 U.S.C. § 6621.

2. Defendant Alcala agrees that, in the event that he files for bankruptcy protection under any chapter of the United States Bankruptcy Code, within thirty (30) calendar days of filing a petition in any U.S. Bankruptcy Court, he will (i) notify the Secretary of his bankruptcy; and (ii) execute a stipulation with the Secretary and consent to the entry of an Order that the identified Loss Amount plus lost-opportunity costs calculated through the date on which he files for bankruptcy is a nondischargeable debt pursuant to section 523(a)(4) of the U.S. Bankruptcy Code, 11 U.S.C. § 523(a)(4) ("Stipulation"). The Stipulation and entry of a subsequent Order shall further provide that lost-opportunity costs will continue to accrue at the rate set forth in 26 U.S.C. § 6621 from the date the relevant nondischargeability Order is issued until such time as the Loss Amount is paid to the Plan in full.

3. Defendant ACGE is hereby removed as Plan Administrator and fiduciary of the Plan.

4. Defendants Barringer and Alcala are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

5. Defendants Barringer and Alcala are permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan, subject to the exceptions set forth below in Paragraphs 15, 16 and 17.

6. In reliance on the Declaration of Financial Status, submitted under oath to the Secretary by Barringer on March 17, 2011, and by Alcala on March 18, 2011, the Secretary declines to seek collection of the Loss Amount at this time. The Secretary reserves the right to bring a collection action against Barringer, Alcala and/or ACGE for the Loss Amount, or a portion thereof, at any time. Prior to initiating a collection action, the Secretary shall send Barringer and Alcala a written demand letter ("Secretary's Demand Letter") to the last home address that they provided to the Secretary. Within fifteen (15) calendar days of receiving the Secretary's Demand Letter, Barringer and Alcala shall separately and individually provide the Secretary with financial documents including, but not limited to, tax returns (for the three most recent years), bank statements, investment statements, and other similar financial statements relevant to his ability to restore the Plan's losses. If the documents submitted to the Secretary demonstrate that Barringer's and/or Alcala's gross individual household income and other earnings as defined in Paragraph 9 below, exceed $100,000.00 (one-hundred thousand dollars) in any twelve-month period, he will pay on behalf of the Plan within fifteen (15) calendar days of receipt of a notice from the Secretary, a sum equal to 50 percent (50%) of his gross income in excess of $100,000.00 (one-hundred thousand dollars).

7. Barringer and Alcala expressly agree that for the next seven (7) years, at the same time that each makes his personal income taxes filings with the Internal Revenue Service, he will concurrently provide copies of the following documents to the Secretary:

(i) True and accurate copies of tax returns filed in that year, and any requests for extensions;

(ii) Payroll wage statements, for the last four (4) paychecks; and

(iii) A notarized statement made under penalty of perjury detailing any newly-acquired real or personal property, life insurance, lottery winnings or other gambling income.

8. Barringer and Alcala further agree that for the next seven (7) years, to the extent that their gross individual household income and other earnings as defined in Paragraph 9 below, exceed $100,000.00 (one-hundred thousand dollars) in any twelve-month period, they will pay on behalf of the Plan within fifteen (15) calendar days of receipt of a notice from the Secretary, a sum equal to 50 percent (50%) of their gross income in excess of $100,000.00 (one-hundred thousand dollars).

9. For the purposes of this order and Paragraphs 6 and 8 above, gross household income and other earnings shall include property of Barringer's and Alcala's households, separately and individually, whether acquired through income gifts, inheritance, life insurance, lottery winnings or other gambling income.

10. Barringer and Alcala further agree that that for the next seven (7) years, they will (i) maintain records of the last known home and/or business address for all eligible Plan participants, as of the date that the Court approves this Consent Judgment & Order, and (ii) provide this information to the Secretary or the Plan's third-party administrator, Polycomp Administrative Services ("Polycomp") within ten (10) days of receipt of a request from the Secretary or Polycomp.

11. Should Barringer or Alcala change his home address or telephone number at any time within the next seven (7) years, he shall notify the Secretary of the change, in writing, within fifteen (15) calendar days.

12. The parties expressly understand and agree that the Secretary's agreement to decline to bring a collection action at this time against Barringer, Alcala and/or ACGE is based upon all of the financial information available, including statements made under penalty of perjury by Barringer and Alcala, to the Secretary during the course of the negotiation of this Consent Judgment & Order and that the Secretary has agreed not to seek any additional monetary relief to the extent that such information is materially true and accurate to the best of Barringer's and Alcala's knowledge at the time such information was provided.

13. If at any time the Secretary determines that Barringer and/or Alcala transferred

assets for the purpose of avoiding disclosure or making full repayment to the Plan as set forth in this Consent Judgment & Order, or materially misrepresented their financial condition in their Declarations of Financial Status submitted to the Secretary in March 2011 or any other financial documents submitted to the Secretary at any time in the future, the Secretary, by appropriate motion, may reopen her case against Defendants and seek restitution to the full extent of their liability to the Plan.

14. Within fifteen (15) calendar days following the Court's entry of this Consent Judgment & Order, Barringer and Alcala shall provide a copy of this Consent Judgment & Order to Polycomp.

15. Within thirty (30) calendar days following the Court's entry of this Consent Judgment & Order, Defendants Barringer and Alcala shall direct Polycomp to take all steps to:

(i) Initiate the orderly termination of the Plan by, among other things, causing the Plan's remaining assets to be distributed or rolled over to all remaining eligible participants and/or beneficiaries in accordance with each such participant's or beneficiary's instructions; and

(ii) File on the Plan's behalf a terminal Internal Revenue Form 5500 ("Annual Return/Report of Employee Benefit Plan") for the final Plan year.

Barringer and Alcala represent that the fees required to perform the services described above in (i) and (ii) have been paid to Polycomp. Barringer and Alcala further agree that to the extent Polycomp requires additional fees to perform those services, Barringer and Alcala will remain jointly and severally liable for those amounts, if any.

16. Within fifteen (15) calendar days of completing the actions set forth above in Paragraph 15, Defendants Barringer and Alcala shall provide proof in writing to the Secretary of the Plan's termination.

17. Any and all future payment made by the Defendants on behalf of the Plan after the 30-day period described above in Paragraph 15 and within the next seven (7) years shall be distributed to all former Plan participants and/or beneficiaries in a manner to be determined and agreed upon by the parties.

18.     Defendants Barringer and Alcala acknowledge that they have never participated in the Plan and hereby forfeit any interest either may have in any amounts owed to the Plan as a result of the Secretary's Complaint and/or this Consent Judgment & Order.

19.     Each time a submission to the Secretary is required under this Consent Judgment & Order, the submission shall be made by reliable overnight delivery AND facsimile to:

>   Jean Ackerman
>   Regional Director
>   United States Department of Labor
>   Employee Benefits Security Administration
>   90 7th Street, Suite 11-300
>   San Francisco, CA 94103
>   Fax: 415-625-2499

20.     Once Defendants have restored the full Loss Amount (including any lost-opportunity costs) to the Plan, they shall be assessed a penalty under ERISA § 502(1), 29 U.S.C. § 1132(1) in the amount of twenty percent (20%) of the Loss Amount. Upon assessment, payment of the penalty shall be made immediately unless Defendants file a petition for waiver or reduction of the penalty as provided for in 29 C.F.R. §§ 2570.83–2570.87 and the Secretary agrees to waive or reduce the penalty. In the event that the Secretary does not agree to waive or reduce the penalty, Defendants shall remit the penalty amount to the Secretary within sixty (60) calendar days of receipt of the Secretary's decision denying Defendants' petition. Defendants may not challenge the applicable recovery amount, the validity of the violations alleged, or their liability for the violations.

21.     Once Defendants have restored the full Loss Amount (including any lost-opportunity costs) to the Plan and paid any applicable penalty, Defendants Barringer and Alcala shall immediately be removed as fiduciaries of the Plan.

22.     Defendants expressly waive any and all claims of any nature which they have or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based

on the Equal Access to Justice Act, as amended.

23. The parties shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

24. Nothing in this Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

25. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment & Order.

26. By signing their names to this Consent Judgment & Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment & Order.

The Court directs the entry of this Consent Judgment & Order as a final order.

**IT IS SO ORDERED.**

**Date:  6/21/2011**

_____
GARLAND E. BURRELL, JR.
United States District Judge